# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AEGIS Electric & Gas International Services Limited,<br><br>      Plaintiff,<br><br>v.<br><br>ECI Management LLC (formerly known as ECI Management Corporation), Nichon Roberson, on behalf of herself and all others similarly situated,<br><br>      Defendants. | Case No.: _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, AEGIS Electric & Gas International Services Limited, by and through counsel, and hereby files this Complaint for Declaratory Judgment against ECI Management LLC (formerly known as ECI Management Corporation) and Nichon Roberson, on behalf of herself and all others similarly situated, seeking a declaration that no coverage exists for a claim made against a real estate services professional liability insurance policy.

## THE PARTIES

1.

AEGIS Electric & Gas International Services Limited ("AEGIS International") is a foreign entity organized under the laws of England and Wales

with its principal place of business at 33 Gracechurch Street, London, EC3V 0BT, England. AEGIS International is an underwriter of the insurance policy at issue (described below). AEGIS International is a citizen of the United Kingdom. AEGIS International has over $75,000 at stake in connection with the amount insured under the insurance policy at issue.

2.

ECI Management LLC (formerly known as ECI Management Corporation) ("ECI") is a Georgia limited liability company, with its principal place of business at 2100 Powers Ferry Road, Suite 200, Atlanta, Georgia 30339. Upon information and belief, all members of the ECI Management LLC are citizens of Georgia and none are citizens of the United Kingdom.

3.

Nichon Roberson ("Roberson") is an individual, who is a resident of DeKalb County, Georgia, currently residing at 2827 Vicksburg Court, Decatur, Georgia 30034. Roberson is a citizen of Georgia.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because, upon information and belief, there is complete diversity of citizenship

between AEGIS International and ECI and Roberson and because the amount in controversy exceeds $75,000.

5.

This Court has personal jurisdiction over ECI, which, upon information and belief, is a resident of Cobb County, Georgia and a citizen of the State of Georgia.

6.

This Court has personal jurisdiction over Roberson, who is a resident of DeKalb County, Georgia and a citizen of the State of Georgia.

7.

Venue in this District is proper under 28 U.S.C. § 1391(b)(1) because, upon information and belief, ECI resides in Cobb County and Robinson resides in DeKalb County. Both Cobb County and DeKalb County are within this District.

8.

Venue in this District is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in DeKalb County, which is located within the District.

9.

An actual case and controversy of a justiciable nature exists between AEGIS International and ECI and Roberson regarding their duties, rights, and obligations,

if any, under the subject insurance policy. AEGIS International is, therefore, entitled to bring this declaratory judgment action in this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

## THE UNDERLYING FACTS

**A.** **THE POLICY**

10.

This matter arises out of Real Estate Services Professional Liability Insurance Policy No. 0000-00207493A, insuring ECI Management Corporation for the policy period of July 1, 2016 to July 1, 2017 (the "Policy"), to which AEGIS International subscribes. A true and accurate copy of the Policy is attached hereto as Exhibit A ("Ex. A").

11.

The Policy has limits of $1 million each claim and in the aggregate, inclusive of loss and claims expenses, subject to a $5,000 per claim deductible, also inclusive of loss and claims expenses.

**B.** **THE LAWSUIT GIVING RISE TO THE CLAIM**

12.

On or around March 9, 2017, ECI made a claim against the Policy.

13.

The claim arises out of a class action lawsuit filed by Roberson as a proposed class representative, on behalf of herself and all others similarly situated, against ECI, ECI Group, and DKLR (collectively, "Defendants") in the State Court of DeKalb County, Georgia, captioned *Nichon Roberson v. ECI Group, Inc., et al.*, Civil Action No. 17A64506 (the "Lawsuit").

14.

The Lawsuit was filed on May 19, 2017, and served upon ECI on May 24, 2017.[1]

15.

The nature of the Lawsuit is a class action filed by Roberson on behalf of current and former tenants of Defendants, whose rights under Georgia's security deposit statute were violated by Defendants' alleged systematic violation of the procedures provided for in the statutory scheme, codified at O.C.G.A. §§ 44-7-30 through 44-7-37.

16.

The Lawsuit alleges, among other things, the following:

---

[1] An earlier version of the Lawsuit was filed, but not served, in the Fulton County Superior Court. That lawsuit was dismissed without prejudice.

a. ECI manages or operates at least 15 separate companies in Georgia on behalf of ECI Group, Inc. ("ECI Group").

b. ECI Group is a Georgia for-profit corporation that is alleged to be the sole member of DeKalb-Lake Ridge, LLC ("DKLR").

c. DKLR is a Georgia limited liability that owns or operates the apartment complex known as the Columns at Lake Ridge (the "Apartment Complex").

d. Around May 27, 2014, Roberson signed a rental agreement with ECI[2] to rent an apartment at the Apartment Complex, which is managed, owned, and operated by ECI, DKLR, and ECI Group.

e. The duration of the lease was May 27, 2014 through May 26, 2015, but the lease was later renewed and then held over and transformed into a month-to-month lease.

f. Roberson paid a $437.50 security deposit.

g. After providing notice, Roberson vacated her apartment on August 11, 2016.

---

[2] The rental agreement was signed by a representative of ECI, as "Agent for: Dekalb-Lake Ridge, LLC (Owner)."

h. An agent of Defendants conducted an inspection of her apartment around August 15, 2016, but that Roberson was not provided notice of this inspection prior to it taking place.

i. The inspection attributed $60 in damages, due to a rug left in the apartment and a bag of trash under the sink.

j. In the place on a form that Roberson was allegedly supposed to sign (or, if she chose, refuse to sign), the person filling out the form indicated that Roberson was "Not Available."

k. Pursuant to Georgia law, Defendants were required to provide the list of damages within three business days, and then Roberson would have the right to conduct a counter-inspection within five business days of the termination of the occupancy to ascertain the accuracy of the list.

l. Defendants did not, however, provide the damages list to Roberson within three days of termination.

m. Thus, Roberson's rights under Georgia's security deposit statute were violated.

n. Notwithstanding Defendants' alleged non-compliance with the statute, Defendants withheld the $60 from Roberson's security deposit.

17.

The Lawsuit contains only one cause of action, which is for violation of Georgia's security deposit statute.

18.

The claim alleges that Defendants failed to provide Roberson (and each class member) with the required list of damages by the statute's three-day deadline.

19.

Thus, it is alleged, Defendants could not withhold that portion of the security deposit from the class members, nor can they assert any claim against the tenants for damage to the property.

20.

It is alleged that because Defendants withheld all or part of the security deposits, they violated the statute.

21.

Roberson further alleges that "the withholding of some or all of Roberson's and each class member's security deposits was intentional and otherwise not the result of a bona fide error that occurred in spite of the existence of procedures reasonably designed to avoid such errors." Roberson claims that she (and each class member) is entitled to treble damages and reasonable attorney fees.

22.

Roberson also alleges that to the extent Defendants are not directly liable under the statute as "landlords," the class should be able to hold Defendants liable through veil-piercing and/or joint liability and/or acting in concert and combination and/or conspiracy.

23.

She seeks an order certifying the class and injunctive or declaratory relief.

24.

Defendants deny many of the allegations in the Complaint.

**C.     MANAGEMENT AGREEMENT BETWEEN ECI AND DKLR**

25.

ECI and DKLR entered into a written agreement, titled ECI Management Corporation Management Agreement (the "Management Agreement"), that governs the relationship between ECI (as the agent) and DKLR (as the owner) for the Lake Ridge at Dunwoody Property.

26.

The Management Agreement states that it is for the period of July 15, 2005 through July 14, 2006, but that it automatically renews on a yearly basis unless terminated, and, upon information and belief, the Management Agreement has not been terminated.

27.

Pursuant to the Management Agreement, DKLR appointed ECI to serve as its agent to manage the Apartment Complex. Management Agreement, Section 1.1.

28.

In addition, the Management Agreement provides "Agent shall collect, deposit, and disburse tenants' security deposits in accordance with the terms of tenant's lease. … Agent shall comply with all applicable state or local laws concerning the responsibility for security deposits and interest, if any." *Id.*, at Section 3.3.

29.

Also pursuant to the Management Agreement, DKLR is required to obtain and keep in force adequate insurance, with at least $1 million limits, against "liability for loss, damage, or injury to property or persons which might arise out of the occupancy, management, operation, or maintenance of the Premises." *Id.*, at Section 14.

30.

Also, pursuant to the Management Agreement, DKLR is obligated to indemnify, defend, and hold harmless ECI from claims for personal injury or

property damage incurred or occurring in, or about the premises, subject to an exception for losses arising from ECI's gross negligence, fraud, or willful misconduct. *Id.*, at Section 13.

**D.  DEMANDS FOR COVERAGE AND DEFENSE OF THE LAWSUIT**

31.

ECI has requested coverage under the Policy and a defense, which AEGIS International has denied.

32.

Accordingly, AEGIS International seeks a declaration of non-coverage.

**CAUSE OF ACTION**

**Count I – Declaratory Judgment**

**The Policy Does Not Provide Coverage for the Claim Because the Type of Relief Sought Does Not Fall within the Policy's Definition of "Loss"**

33.

AEGIS International repeats and realleges each and every one of the foregoing paragraphs as if fully set forth herein.

34.

The Policy's Insuring Agreement provides, in relevant part, that:

> The Insurers will pay on behalf of the **Insured** all sums in excess of the Deductible amount stated in the Declarations which the **Insured** shall become legally obligated to pay as **Loss** and **Claims Expenses** resulting from **Claims** first made

against the **Insured** during the **Policy Period** as a result of a **Wrongful Act** by the **Insured** or any person or entity for whom the **Insured** is legally liable, provided that such **Wrongful Act** was committed on or after the **Retroactive Date** and before the end of the **Policy Period**.

Policy, Section I, Insuring Agreement, p. 1 of 12.

35.

AEGIS International repeats and realleges each and every one of the foregoing paragraphs as if fully set forth herein.

36.

As stated in the Insuring Agreement, the Policy provides coverage in the event of a "Loss," however, the definition of "Loss" is subject to certain limitations. Policy, Section I, Insuring Agreement, p. 1 of 12.

37.

The Policy defines "Loss" as:

> '**Loss**' means a compensatory monetary amount for which the **Insured** may be held legally liable, including judgments (inclusive of pre-judgment or post-judgment interest), awards, or settlements negotiated with the prior approval of the Insurers, but shall not include:
> a) any disgorgement, return, withdrawal, restitution or reduction of any sums which are or were in the possession or control of any **Insured**, or any amounts credited to any **Insured's** account;
> b) fines, sanctions, taxes, penalties or awards deemed uninsurable pursuant to any applicable law;

> c) punitive, exemplary, treble damages or any other damages resulting from the multiplication of compensatory damages;
> d) equitable relief, or fees, costs or expenses incurred by the **Insured** to comply with any such equitable relief.

Policy, Section III. Definitions, ¶ 9, p. 5 of 12.

38.

In this case, Roberson seeks statutory damages pursuant to O.C.G.A. § 44-7-35(c), which provides for "three times the sum improperly withheld" (i.e., treble damages), if it is determined a landlord has violated the statute.

39.

The statute likewise provides that a tenant may be entitled to the "sum erroneously withheld" in the event it is shown the landlord's withholding was not intentional, but was the result of a bona fide error. O.C.G.A. § 44-7-33(c).

40.

In either case, the remedy sought by Roberson is the return of her security deposit.

41.

Accordingly, the general relief sought (i.e., the return of the security deposit) would amount to a disgorgement or return of any sum which were in the possession or control of ECI.

42.

Thus, Policy's carve-out to the definition of "Loss" for "any disgorgement, return … of any sums which were in the possession or control of any **Insured**" excludes coverage for any claim seeking the return of a security deposit.

43.

Thus, coverage is barred by the Policy pursuant to the disgorgement/return of sums carve-out.

44.

Similarly, the carve-out to the definition of "Loss" for treble damages bars coverage for this claim, as Roberson specifically seeks treble damages, as provided by Georgia's security deposit statute.

45.

Accordingly, to the extent treble damages were imposed pursuant to the Georgia security deposit statute, the Policy would exclude coverage for such damages.

46.

Thus, coverage is also barred based upon this carve-out for treble damages.

47.

In addition, as the Lawsuit does not give rise to coverage or to a duty to indemnify, there is no separate duty to defend ECI.

48.

Accordingly, AEGIS International has no obligation to provide a defense or pay for any "Claims Expenses."

49.

AEGIS International is thus entitled to a declaration that it owes no duty to provide coverage, issue payments, or provide or pay for a defense for the claim under the Policy to the extent the relief sought does not fall within the Policy's definition of "Loss."

**WHEREFORE**, AEGIS International prays for judgment:

a. That no coverage is afforded, no indemnity payments are due, and no duty to provide or pay for a defense for the claim under the Policy has arisen due to the application of the disgorgement/return of sums carve-out and treble damages carve-out to the Policy's definition of "Loss;"

b. Entering judgment in favor of AEGIS International and against ECI and Roberson on any and all grounds set forth in this Complaint; and

c. Awarding AEGIS International such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 20th day of September 2017.

**FIELDS HOWELL LLP**
1800 W. Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: (404) 214-1252
Facsimile: (404) 214-1251
Email: pfields@fieldshowell.com
Email: callen@fieldshowell.com

*/s/ Paul L. Fields, Jr.*
Paul L. Fields, Jr.
Georgia Bar No. 003420
Crighton Allen
Georgia Bar No. 513249

***Counsel for Plaintiff***